COMMONWEALTH *vs.* HAROLD W. SULLIVAN.

Middlesex.     January 5, 1942. — March 2, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Motor Vehicle,* Failure to stop upon demand. *Registry of Motor Vehicles. Police.*

A finding, that a refusal of the operator of a motor vehicle to produce his license to operate on demand of one who was not in uniform and displayed a badge reading only "Inspector, Registry of Motor Vehicles" was a violation of G. L. (Ter. Ed.) c. 90, § 25, was not warranted although there was evidence that the wearer of the badge was an "investigator," who under § 29 as amended by St. 1938, c. 146, would have the powers of a police officer under § 25.

COMPLAINT, received and sworn to in the District Court of Natick on August 1, 1941.

On appeal to the Superior Court the case was tried before *Williams,* J.

The case was submitted on briefs.

*H. W. Sullivan, pro se.*

*R. F. Bradford,* District Attorney, *& A. DiCicco, Jr.,* Assistant District Attorney, for the Commonwealth.

FIELD, C.J.   By a complaint in the District Court it was charged that the defendant "did operate a motor vehicle on a way called Worcester Street, in said Natick, and refused on demand of a police, namely a motor vehicle inspector of the Commonwealth of Massachusetts, who displayed his badge conspicuously on the outside of his outer coat, to produce his license to operate the said motor vehicle." The defendant was found guilty and appealed to the Superior Court. At a trial in that court before a judge and a jury there was a verdict of guilty. The case comes before us upon exceptions to the denial of a request of the defendant for an instruction to the jury, and to the denial of the defendant's motion for a directed verdict.

Material portions of the governing statute, G. L. (Ter. Ed.) c. 90, § 25, are that "Any person who, while operating or in charge of a motor vehicle . . . shall refuse or neglect to stop when signalled to stop by any police officer who is in uniform or who displays his badge conspicuously on the outside of his outer coat or garment, or who refuses, on demand of such officer, to produce his license to operate such vehicle . . . shall be punished by a fine of not less than twenty-five nor more than one hundred dollars."

The evidence did not warrant a verdict of guilty since it did not warrant a finding that the person who, according to the evidence, demanded that the defendant produce his license was "in uniform" or displayed "his badge," as provided by G. L. (Ter. Ed.) c. 90, § 25. There was no evidence that such person was "in uniform." And it is unnecessary to consider whether the badge that, according to the evidence, such person wore could have been found to have been displayed "conspicuously on the outside of his outer coat or garment" — we do not intimate that such a finding could not have been made — for the evidence did not warrant a finding that this badge was "his badge" within the meaning of the statute. The purpose of the provision relating to the badge is that a person "operating or in charge of a motor vehicle," upon whom a demand is made to produce his license, may be informed that the person making such a demand has authority to make it.

There was evidence that the person who made the demand upon the defendant was a person who had authority to make such a demand. There was evidence that he was an "investigator." G. L. (Ter. Ed.) c. 90, § 29, as finally amended by St. 1938, c. 146, provides that the registrar of motor vehicles "shall appoint competent persons to act as investigators and examiners," and that such "investigators and examiners, with respect to the enforcement of the laws relating to motor vehicles, shall have and exercise throughout the commonwealth all the powers . . . of police officers." It could have been found, therefore, that the provisions of G. L. (Ter. Ed.) c. 90, § 25, relating to police officers were applicable to the person making the demand upon the defendant.

However, the evidence did not warrant a finding that the badge worn by the person who made the demand upon the defendant was the badge of an "investigator" or of any other officer authorized to make such demand. According to the evidence the badge read "Inspector, Registry of Motor Vehicles." G. L. (Ter. Ed.) c. 90, § 29, as amended (see St. 1936, c. 391), provides that the registrar of motor vehicles "may also appoint . . . a deputy registrar, an assistant to the registrar, hearings officers and supervising inspectors with power to hold hearings, and may delegate to such deputy, assistant, hearings officers and supervising inspectors the performance of any duty imposed upon the registrar by any provision of this chapter." Though this provision is contained in the section of the statute, as amended, that confers upon "investigators and examiners" the powers of police officers, no such powers are conferred thereby or otherwise upon "supervising inspectors" or upon any officer under the designation of "inspector" with respect to the enforcement of the motor vehicle laws. The badge worn by the person making the demand upon the defendant was not such a badge as disclosed to the defendant that the person making the demand had the powers of a police officer under the provisions of G. L. (Ter. Ed.) c. 90, § 25. The badge worn by the person making such demand could as reasonably, if not more reasonably, be

interpreted to mean that the person wearing it was a "supervising inspector" without the powers of a police officer as that he was an "investigator" with such powers. A finding, therefore, was not warranted that the badge worn by the person making the demand was "his badge" as an "investigator" having the powers of a police officer or as any other officer having such powers within the meaning of G. L. (Ter. Ed.) c. 90, § 25. Displaying such a badge was not in conformity with the provision of this statute making it an offence on the part of the defendant to refuse to comply with the demand of a "police officer . . . who displays his badge" in the manner therein provided.

The Commonwealth's case fails, therefore, by reason of failure of proof of the offence charged — a matter that the defendant could raise by a motion for a directed verdict. There was not merely an objection to the complaint for a formal defect apparent on the face thereof, which the defendant was required to raise before judgment in the District Court by demurrer or motion to quash. See G. L. (Ter. Ed.) c. 278, § 17.

The defendant's motion for a directed verdict should have been granted. The exception to the denial thereof must be sustained. Consequently the defendant's exception to the denial of his request for an instruction to the jury need not be considered.

*Exceptions sustained.*