COMMONWEALTH vs. JAMES E. O'HARA.

No. 90-P-912.

Plymouth. March 27, 1991. - May 17, 1991.

Present: Warner, C.J., Smith, & Fine, JJ.

*Arrest. Motor Vehicle*, Operating under the influence.

Where a police officer had reason to believe that the defendant was com-
mitting an arrestable offense, to wit, operating a motor vehicle while
under the influence of an intoxicating substance or operating negli-
gently so as to endanger, he was entitled to follow the vehicle across the
boundary of his territorial jurisdiction in "fresh pursuit" and there to
arrest the defendant. [609-610]

COMPLAINTS received and sworn to in the Brockton Divi-
sion of the District Court Department on November 17,
1988.

On transfer to the jury session of the Wareham Division, a
motion to suppress evidence was heard by *Patrick J. Hurley*,
J.

*Linda M. Fleming*, Assistant District Attorney, for the
Commonwealth.

*Kevin J. Reddington* for the defendant.

SMITH, J. This is an interlocutory appeal by the Common-
wealth from a District Court judge's allowance of the de-
fendant's motion to suppress. The judge ordered suppression
of evidence stemming from the defendant's arrest in Brock-
ton by a West Bridgewater police officer.[1] The judge based
his decision on *Commonwealth* v. *LeBlanc*, 407 Mass. 70
(1990). In *LeBlanc*, the court held that a police officer had
no authority under G. L. c. 41, § 98A, to make a warrantless
arrest outside his jurisdiction for the offense of operating

---

[1]The defendant was charged with operating a motor vehicle while under
the influence of liquor, operating a motor vehicle so as to endanger, and
failure to keep to the right (a civil infraction). The defendant was also
charged with possession of a class D substance.

under the influence of liquor, where the offense (passing through a red light), for which he pursued the defendant across the jurisdictional boundary, was a traffic violation for which the defendant was not subject to arrest.

Here, the judge held a hearing at which the arresting officer testified in regard to the events preceding the defendant's arrest. After the hearing, the judge filed a memorandum of decision which contained, among other things, his findings of fact. We recite the judge's findings of fact in their entirety.

"On April 30, 1987 at 3:15 A.M., Officer Tucker of the West Bridgewater Police was operating a stationary radar unit near the Brockton line. He observed a motor vehicle traveling northerly at speeds varying between 10 and 37 (posted 40) miles per hour. It crossed the center line on a couple of occasions. He did not observe any other vehicle. The officer followed the car because he felt the operator was drunk due to the observation he had made of the operation of the motor vehicle. He followed the motor vehicle some 300 to 400 feet into Brockton. After following the defendant for a distance in excess of one-quarter mile, [the officer noticed] the defendant [make] a slow right-hand turn. The officer thereupon stopped the defendant, made additional observations and arrested the defendant for operating under the influence of alcohol."

The judge concluded that "[t]he officer's feeling that the defendant was drunk when he made his initial observation does not arise to the level of reason to believe that the defendant had committed an arrestable offense." We disagree.

"[T]he power of a police officer at common law to make an arrest without a warrant is limited to the boundaries of the governmental unit by which he was appointed, unless the police officer is acting in fresh and continued pursuit of a suspected felon who has committed an offense in the officer's presence and within his territorial jurisdiction." *Commonwealth* v. *Grise*, 398 Mass. 247, 249 (1986). The Legislature, however, through G. L. c. 41, § 98A, broadened the common law rule by permitting "extra-territorial 'fresh pursuit' ar-

rests for any arrestable offense, whether it be a felony or misdemeanor, initially committed in the arresting officer's presence and within his jurisdiction." *Commonwealth* v. *LeBlanc*, *supra* at 72. However, "[t]he officer must have *some reason to believe* that the suspect has committed an arrestable offense before he can pursue and arrest an individual pursuant to § 98A" (emphasis added). *Id.* at 73. Unlike the traffic violation present in *Commonwealth* v. *LeBlanc*, *supra*, the offense here was operating a motor vehicle while under the influence of intoxicating substances, an offense for which the violator may be arrested. G. L. c. 90, § 21.

In that regard, the judge found that a West Bridgewater police officer at 3:15 A.M. observed the defendant's vehicle traveling in that town at speeds varying from 10 to 37 miles per hour. There were no other vehicles on the road. The vehicle crossed over the center line of the roadway on two occasions. Based on those facts the officer clearly had "some reason to believe" that the defendant was operating a motor vehicle either while under the influence of an intoxicating substance or, negligently so as to endanger, both arrestable offenses.[2] See, e.g., *Commonwealth* v. *Whelan*, 408 Mass. 29, 30 (1990)(defendant who made an "abrupt lane change" and nearly struck another vehicle was charged with both operating under the influence and operating so as to endanger). Therefore, the defendant's arrest in Brockton, following the "fresh pursuit" by the West Bridgewater police officer, was lawful.

The order allowing the motion to suppress is vacated, and the matter is remanded to the District Court for trial.

*So ordered.*

---

[2]The trial judge characterized the officer's belief that the defendant was committing an arrestable offense as a "feeling." He then concluded that the officer's "feeling" did not constitute "reason to believe" as required by *Commonwealth* v. *LeBlanc*, *supra*. The judge acted erroneously in drawing that legal conclusion. The issue is whether the facts and circumstances warranted the officer's belief and pursuit, not whether the officer's "feeling" warranted his belief and pursuit. *Commonwealth* v. *Gullick*, 386 Mass. 278, 283 (1982).