COMMONWEALTH *vs.* ALTON G. GRAY.

Middlesex. April 4, 1996. - July 25, 1996.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Arrest. Search and Seizure,* Arrest, Threshold police inquiry, Pursuit. *Constitutional Law,* Search and seizure. *Motor Vehicle,* Failure to stop. *Statute,* Construction.

A plainclothes police officer had authority to arrest a person who failed to stop his motor vehicle upon the officer's signal with a strobe light and display of his badge, and the officer's pursuit and subsequent arrest of the operator at a place outside of the officer's jurisdiction was lawful under G. L. c. 41, § 98A. [294-296]

A criminal defendant who did not raise before the single justice the issue of the timeliness of the Commonwealth's interlocutory appeal that resulted in the vacating of the allowance of the defendant's motion to suppress could not raise the issue on appeal from his conviction. [296]

INDICTMENT found and returned in the Superior Court Department on February 18, 1993.

A pretrial motion to suppress evidence was heard by *Regina L. Quinlan,* J., and, after an application for interlocutory appeal was allowed and the order allowing the motion to suppress was vacated by *Abrams,* J., in the Supreme Judicial Court for the county of Suffolk, the case was heard by *Margot Botsford,* J.

A panel of Justices of the Appeals Court reported the case to the Supreme Judicial Court.

*Bernard A. Kansky* for the defendant.

*Robert W. Healy,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant appeals from his conviction of trafficking in cocaine in violation of G. L. c. 94C, § 32E (1992 ed.). A panel of the Appeals Court reported the case to this court for determination pursuant to G. L. c. 211A, § 12 (1994 ed.). See *Commonwealth* v. *Deeran,* 397 Mass. 136, 137 (1986).

The defendant was indicted in February, 1993, on charges

of trafficking in cocaine, conspiracy to violate the controlled substance law, failure to stop for a police officer, falsification of a license, and disguising to obstruct the execution of law.

A Superior Court judge allowed the defendant's motion to suppress evidence on June 29, 1993. On July 26, 1993, the Commonwealth filed a notice of appeal and on December 16, 1993, an application for leave to file an interlocutory appeal under Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979). On December 22, 1993, a single justice of this court held a hearing and vacated the allowance of the motion to suppress and remanded the matter to the Superior Court for further proceedings. The defendant was found guilty by a Superior Court judge in a jury-waived trial of trafficking in cocaine. G. L. c. 94C, § 32E.[1]

On appeal the defendant argues that: (1) the single justice's vacating of the lower court order of suppression was reversible error; (2) the Commonwealth's interlocutory appeal to the single justice was untimely; (3) the trial judge committed reversible error by not hearing the defendant's renewed motion to suppress; (4) the allowance of testimony from a police officer as to town boundaries was in error; and (5) the defendant was denied a speedy and timely trial.

We summarize the facts, relying primarily on the findings of the judge who ruled on the motion to suppress. Detective Joseph Deignan of the Watertown police department observed an automobile speeding in Watertown. The detective was in plain clothes in an unmarked cruiser. Using "strobe" lights and his horn, he pursued the vehicle and signalled the operator, later found to be the defendant, to stop. When the defendant failed to stop, the detective pulled alongside the vehicle and displayed his gold police badge by holding it in his hand and pressing it against the window. The defendant continued to drive until he was forced to stop by traffic in Waltham.

In the course of a "pat down" the officer discovered a bulge in the defendant's jacket. The defendant's jacket was later found to contain 53.4 grams of crack cocaine. No citation for speeding was issued pursuant to G. L. c. 90, § 2 (1994 ed.).

1. *Motion to suppress.* A police officer's power to arrest

---

[1]The failure to stop and disguise to obstruct charges were dismissed prior to trial. The defendant was found not guilty of conspiracy to traffic, and the charge of falsifying a license was placed on file with the consent of the defendant.

without a warrant outside of the boundary of his governmental unit is limited unless he is in fresh and continuous pursuit. See *Commonwealth* v. *Claiborne, ante* 275 (1996); *Commonwealth* v. *Owens,* 414 Mass. 595, 599 (1993), citing *Commonwealth* v. *Grise,* 398 Mass. 247, 249 (1986). G. L. c. 41, § 98A (1994 ed.).[2]

Detective Deignan was within his jurisdiction when he observed the defendant speeding and signaled him to stop. Although speeding is a civil infraction (G. L. c. 90, § 17 [1979 ed.]) which does not satisfy the requirements of the fresh pursuit statute, see *Commonwealth* v. *LeBlanc,* 407 Mass. 70, 72 (1990), failure to stop at the signal of a police officer does. G. L. c. 90, §§ 21, 25 (1994 ed.). General Laws c. 90, § 25, provides that "[a]ny person who, while operating . . . a motor vehicle . . . shall refuse or neglect to stop when signalled to stop by any police officer who is in uniform or who displays his badge conspicuously on the outside of his outer coat or garment . . . shall be punished by a fine of one hundred dollars."

The motion judge ruled that, because the detective was in plain clothes and not displaying his badge on the outside of his coat or garment, he did not comply with G. L. c. 90, § 25, and therefore the defendant's failure to stop was not an arrestable offense.

One of the obvious purposes of G. L. c. 90, § 25, is to ensure that the motorist is informed that the person demanding that he stop has the authority to make such a demand. See *Commonwealth* v. *Sullivan,* 311 Mass. 177, 178 (1942). See also *Commonwealth* v. *Grise, supra* at 252. By the activation of the "strobe" lights and the display of the badge, the defendant was effectively notified that he was being told to stop by a police officer.

We have noted that, "as long as the goals of the statute are not thwarted, flaws of detail in its observance can be overlooked." *Commonwealth* v. *Babb,* 389 Mass. 275, 284 (1983). See *Commonwealth* v. *Cameron,* 416 Mass. 314, 317

[2]General Laws c. 41, § 98A (1994 ed.), provides in part: "A police officer of a city or town who is empowered to make arrests within a city or town may, on fresh and continued pursuit, exercise such authority in any other city or town for any offense committed in his presence within his jurisdiction for which he would have the right to arrest within his jurisdiction without a warrant."

(1993). "[F]ailure to comply with [a] statute is not fatal where the purposes of the statute have not been frustrated." *Commonwealth* v. *Babb, supra* at 283. We have also said that "[w]e will not adopt a literal construction of a statute if the consequences of such construction are absurd or unreasonable." *Commonwealth* v. *LeBlanc, supra,* quoting *Attorney Gen.* v. *School Comm. of Essex,* 387 Mass. 326, 336 (1982). Literal compliance with the statute would have required the undercover officer to display the badge on the outside of his uniform coat where it would not have been as visible to the defendant. Thus it was in furtherance of the obvious purpose of the statute for the officer to display the badge as he did. Although the officer was not in uniform, the flashing strobe lights on an automobile being driven by a man displaying a badge gave the defendant sufficient notice that he was being stopped by a person with authority. In these circumstances, the defendant's failure to stop gave the detective the authority to arrest the defendant. Thus, his pursuit of the defendant from Watertown into Waltham falls within the requirements of G. L. c. 41, § 98A. As the officer made a valid arrest, the evidence discovered as the result of a limited pat-down search to ensure his safety was properly admitted at trial. See *Commonwealth* v. *Robbins,* 407 Mass. 147, 151 (1990); *Commonwealth* v. *Almeida,* 373 Mass. 266, 271 (1977).

It adds nothing that the charge of failing to stop for a police officer was dismissed. There is no requirement that a defendant subsequently be prosecuted and convicted for the arrestable offense for which he is stopped. G. L. c. 41, § 98A. See generally *Commonwealth* v. *Owens, supra* at 600.

2. *Timeliness of the interlocutory appeal.* The defendant claims that the Commonwealth's application for leave to file an interlocutory appeal was not filed within a "reasonable time" as required by Mass. R. Crim. P. 15 (b) (3), 378 Mass. 882 (1979). This issue was not raised before the single justice and therefore is not properly before us. *Massachusetts Bay Transp. Auth.* v. *Local 589, Amalgamated Transit Union,* 20 Mass. App. Ct. 418, 424 (1985).

3. *Additional claims.* The other claims of error advanced by the defendant are not supported by reasoned argument or citations. These claims do not rise to the level of appellate advocacy required under Mass. R. A. P. 16 (a) (4), as

amended, 367 Mass. 921 (1975). *G.E.B.* v. *S.R.W.*, 422 Mass. 158, 170 n.11 (1996).

*Judgment affirmed.*