Toomey, J.
INTRODUCTION
On January 11,1999, this case was before the court on defendant Joseph Golding (“Golding”)’s motion to suppress evidence seized by police during an inventory search of Golding’s car and a pat frisk of his person following a traffic stop and arrest in the town of Westminster. Specifically, Golding seeks to suppress two bags of a white powder and his acknowledgement to police that the bags contained cocaine.
After hearing and consideration of the testimony of the witnesses, the exhibits and the reasonable inferences from all the credible evidence, the court finds and rules as follows.
FINDINGS OF FACT
On July 9, 1998, Gardner Police Officer Rocco Siciliano (“Officer Siciliano”) was on duty monitoring traffic in a marked police cruiser in Gardner, Massachusetts.[1] At 12:45 p.m., Officer Siciliano observed Golding operating a vehicle on Old Colonial Drive in Gardner. Golding’s vehicle was preparing to take a left onto Betty Spring Road. Officer Siciliano, who had had *670 Golding under ongoing surveillance for suspected drug activity, knew, as a result of a computer check earlier in his shift, that Golding’s vehicle was uninsured and that its registration had been revoked.
Officer Siciliano followed Golding’s vehicle onto Betty Spring Road and activated his lights and siren. After driving about 225 feet down Betty Spring Road, Golding crossed the Gardner town line into Westminster. He continued a further 100 yards on Betty Spring Road and turned onto Route 140 South in Westminster. He stopped his vehicle in Westminster, at a point about 100 yards into that town.
Officer Siciliano asked for Golding’s license and registration. Golding did not have his license, and the vehicle’s registration was invalid. Officer Siciliano informed Golding that he had been stopped for driving an unregistered, uninsured car and for failure to stop for a police officer.
Officer Siciliano called for backup, and Detective Jeffrey Brown arrived at the scene ten minutes later. Brown ordered the defendant to exit his car and informed him that the vehicle would have to be towed because it was unregistered and uninsured. Before the vehicle was towed, the officers conducted an inventory search in accordance with the guidelines of the Gardner police department. On the front seat of Golding’s vehicle, Officer Siciliano found a Marlboro cigarette pack containing one cigarette and an envelope wrapped in white paper. When Golding stated that the envelope contained cocaine, Officer Siciliano handcuffed him and patted him down. The pat revealed a Parliament cigarette pack, which also contained a small plastic bag of white powder. Golding acknowledged that that bag also contained cocaine. Golding was placed under arrest and received his Miranda warnings.
RULINGS OF LAW
The question at bar is whether Gardner Officer Siciliano had the authority to stop Golding’s car after Golding had crossed the Gardner/Westminster town line. The court finds that Officer Siciliano observed Golding driving an unregistered, uninsured vehicle in Gardner and signaled him to stop. Golding failed to stop, however, until he had crossed the town line into Westminster.
Driving an unregistered, uninsured vehicle is not an arrestable offense. Consequently, Siciliano was not authorized to stop Golding for that offense outside the town of Gardner. G.L.c. 41, §98A.[2] See also Comm. v. Trudel, 42 Mass.App.Ct. 903, 904 (1997).
Notwithstanding that the civil offenses did not empower Officer Siciliano to stop Golding in Westminster, Golding’s failure to stop for a police officer was a criminal offense, G.L.c. 90, §25,[3] and did authorize Officer Siciliano to continue his pursuit and stop Golding in Westminster. See Commonwealth v. Gray, 423 Mass. 293, 295 (1996) (defendant’s failure to stop for police officer who pursued defendant for speeding . . . with strobe lights flashing, and while displaying his badge, gave officer authority to arrest defendant outside of officer’s jurisdiction). Therefore, Officer Siciliano’s fresh and continuous pursuit of Golding for the arrestable offense of failing to stop for a police officer legitimately extended into Westminster.
Golding asserts that Officer Siciliano did not activate his lights and siren until Golding had crossed the line into Westminster and that, therefore, no offense of failure to stop occurred in Gardner. Golding concludes that Officer Siciliano did not begin his pursuit in his “home” jurisdiction of Gardner and consequently had no authority to pursue and stop Golding in Westminster.
This court finds credible Officer Siciliano’s testimony that his pursuit of Golding commenced within Gardner. Because Officer Siciliano had learned earlier in his shift that Golding’s car was unregistered and uninsured, there was no reason for him to forego immediate pursuit of Golding within Gardner once he had observed him driving the unregistered vehicle. Golding’s failure to stop in Gardner justified Officer Siciliano’s pursuit into and subsequent arrest of Golding in Westminster for the Gardner offense of failure to stop for a police officer. See Gray, supra, at 295. The stop in Westminster was, accordingly, fully authorized by law.
After legitimately stopping an unregistered, uninsured vehicle on a public way, police have the right to conduct an inventory search of the car’s contents prior to impounding and towing it. The authority to inventory the contents of the vehicle is not vitiated by the fact that the searching officer might also suspect that evidence of criminal activity may be uncovered as a result of the search. Commonwealth v. Santana, 420 Mass. 205, 208 (1995). At bar, Officer Siciliano’s stop of Golding’s vehicle in Westminster was lawful and his conduct of the consequent inventory search was valid. There is, therefore, no reason to suppress the evidence collected by police as the fruits of that search.
ORDER
For the foregoing reasons, defendant’s motion to suppress is DENIED.

 Officer Siciliano submitted a post-hearing affidavit. The affidavit has not been considered by this court in connection with the instant decision because the affidavit does not present information additional or contradictory to that provided by Officer Siciliano at the hearing.

 The statute states, in pertinent part, “a police officer of a city or town who is empowered to make arrests within a city or town may, on fresh and continued pursuit, exercise such authority in any other city or town for any offence committed within his jurisdiction for which he would have the right to arrest without a warrant.” (Emphasis added.)

 G.L.c.90, §25 provides that “any person . . . operating a motor vehicle . . . (who) shall refuse or neglect to stop when signalled to stop by any police officer who is in uniform or who displays his badge conspicuously . . . shall be punished by a fine of one hundred dollars.”