Greco, P.J.
In May of 2006, Franklin and Mildred Davidson (“the Davidsons”) leased a townhouse unit from Peabody Park, LLC (“Peabody Park”). Bernard Ruskin (“Ruskin”) was the sole member and principal of Peabody Park; Hillcrest Realty (“Hillcrest”) was, presumably, the leasing agent. On January 8, 2007, the Davidsons filed a complaint against Peabody Park, Ruskin, and Hillcrest alleging that their right of quiet enjoyment had been breached because of the noise caused by the children in an adjacent unit, that by allowing the noise to continue the defendants had negligently inflicted emotional distress on them, and that the defendants had committed a fraud on them. Ruskin and Hillcrest tiled motions to dismiss the complaint against them, which were allowed on January 16,2007. Since no separate judgments had been entered pursuant to Mass. R. Civ. P, Rule 54(b), in favor of Ruskin and Hillcrest and since the Davidsons never sought entry of separate judgments, no appeal was initially perfected from the orders of dismissal. On June 11, 2007, the Davidsons finally sought entry of final judgments. Although such judgments were entered by agreement on August 29,2007, the Davidsons took no action to rekindle their earlier attempts to appeal.
The court action then shifted to motions for summary judgment filed on December 11,2007 by Hillcrest (notwithstanding the earlier dismissal) and Peabody Park. On January 30, 2008, the court denied the defendants’ motions for summary *76 judgment as they related to the breach of quiet enjoyment and infliction of distress allegations, but allowed them as to the claim of fraud. The Davidsons then filed a notice of appeal under Dist./Mun. Cts. R. A. D. A., Rule 8C, apparently from the summary judgment against them on the fraud issue. However, the two-step procedure set out in the rules was not followed, that is, the filing of an initial notice of appeal within ten days of entry of judgment, Dist./Mun. Cts. R. A. D. A., Rule 4(a), followed by the filing within 30 days thereafter of an “appeal on the record of proceedings” pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C(b) to designate the Davidsons’ intent to pursue a Rule 8C appeal. In any event, the Appellate Division considered the Davidsons’ filing to be an interlocutory appeal, and the Davidsons took no further action to pursue an appeal at that point.
After all these pretrial skirmishes and attempts to appeal, the case actually went forward against Peabody Park with a bench trial in October of 2008. The trial judge found that Peabody Park had not breached the Davidsons’ right to quiet enjoyment, and that the Davidsons had “failed to prove that they suffered emotional distress.” Specifically, the judge found that the property manager at Peabody Park had “received no noise complaints relative to [these children] other than from the [Davidsons].” The judge “credited] the [manager’s] testimony that any sounds from the apartment consisted of ‘everyday noise by kids,’ i.e., the sound of children playing,” and that there was “no credible evidence that any noise whatsoever was made in the late night or early morning hours.” Judgment entered against the Davidsons on October 31, 2008.
On November 13, 2008, thirteen days after entry of the above judgment, the Davidsons filed a notice of appeal, indicating in a letter to the clerk that their appeal was under Rule 8A, that they would not be purchasing a transcript or cassette of the trial, and that they would “rely on the original brief of the postponed trial of August 28, 2008, and court orders, and exhibits.” However, the Davidsons subsequently took the position that since a judgment had been entered, their appeal related back to the rulings on the motions for summary judgment filed by the plaintiffs — rulings that were in their favor except for the ruling in the defendants’ favor on the fraud count. On December 12, 2008, the Davidsons filed six copies of their “Brief and Appendix.” The Appendix contained only a copy of an order scheduling a hearing on a temporary restraining order and preliminary injunction, a copy of the Davidsons’ lease, a copy of the Certificate of Organization for Peabody Park, LLC, and an explanation from a.website concerning the nature of a limited liability company. The Davidsons’ six-page brief addressed the facts, the alleged breach of quiet enjoyment, and their claim for damages for emotional distress. Hillcrest was never mentioned. The only references to “fraud” were a vague reference to the “Statute of Frauds,” and a statement that they were deceived by Ruskin’s operating under a limited liability company. The defendants then moved to dismiss the Davidsons’ appeal. This Appellate Division elected to resolve the motion to dismiss first, and heard arguments on that motion on February 27, 2009.
The procedural missteps by the Davidsons were “sufficiently egregious,” MCS Enters., Ltd. v. Henry, 2005 Mass. App. Div. 72, 74, and “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of [their] appeal.” Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975). The notice of appeal filed on November 13,2008 was three days late. See Dist./Mun. *77 Cts. R. A. D. A., Rule 4(a). But in allowing the motion to dismiss this appeal, we do not rely on that violation of the rules. Of greater significance is the difficulty in discerning from the record before us whether the Davidsons’ appeal purports to be under Rule 8A or Rule 8C. Under either procedure, there were missteps of such magnitude as to preclude an effective review of the actions of the trial court. As to Rule 8A, the Davidsons never filed an “Expedited Appeal” after filing their notice of appeal. Therefore, they never filed “the text of any rulings of law by which [they] claim [ed] to be aggrieved and the related requests for ruling,” Rule 8A(a)(2), or, more importantly, “a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented.” Rule 8A(a) (4). The attachments to their brief clearly do not encompass these items. The Davidsons do not fare any better procedurally if the appeal is considered to be under Rule 8C. Under Rule 8C(a), they would have been required to obtain a transcript of the proceedings in the trial court in order to challenge the judge’s rulings on the insufficiency of the evidence they presented. They did not. As noted, Mr. Davidson instead notified the clerk of the trial court on November 13, 2008 that he did not intend to “purchase a court transcript, or cassette of the trial,” but would rely on a “brief’ previously filed.
The Davidsons’ brief on this appeal essentially challenges the trial judge’s factual findings that Peabody Park did not breach the warranty of quiet enjoyment and that the Davidsons did not suffer emotional distress. As indicated, a transcript of the trial would obviously be needed to determine if those findings were warranted on the evidence. If the Davidsons also meant to appeal the dismissal of the claims against Hillcrest and Ruskin, they never so indicated. Hillcrest is not even mentioned in the Davidsons’ brief. As to Rusldn, any appeal would be frivolous. See G.L.c. 156C, §2(5), stating that a limited liability company need only have one member, and §22, providing that a member is not liable for obligations of a limited liability company arising in contract or tort. Moreover, as a practical matter, in these circumstances, a finding for Peabody Park precluded a finding against Ruskin. Finally, if the Davidsons meant to challenge on this appeal the order of summary judgment on their fraud claim, such a claim was “not supported by reasoned argument or citations” and did not “rise to the level of appellate advocacy.” Commonwealth v. Gray, 423 Mass. 293, 296 (1996).
The defendants’ motion to dismiss the plaintiffs’ appeal is allowed.
So ordered.