COMMONWEALTH vs. MARK A. RIEDEL. No. 09-P-1305. June 1, 2010. *Motor Vehicle,* Operating under the influence. *Arrest.*

The defendant appeals the legality of an extraterritorial stop effectuated in Brewster by an Orleans police officer, resulting in charges of operating while under the influence of intoxicating liquor (of which he was convicted), G. L. c. 90, § 24(1)(*a*), and operating negligently so as to endanger (of which he was acquitted), G. L. c. 90, § 24(2)(*a*). The defendant argues that because the officer did not subjectively believe the defendant committed any arrestable offenses in Orleans, he was not authorized to follow the defendant into Brewster in fresh and continued pursuit pursuant to G. L. c. 41, § 98A. Because the defendant's actions, viewed objectively, gave the officer reason to believe the defendant committed an arrestable offense, we affirm the denial of the defendant's motion to suppress.

Rescript Opinions.

At approximately 1:00 A.M. on a night in March, 2008, Orleans Officer Douglas Davis clocked the defendant going fifty-three miles per hour in a forty miles per hour zone. Officer Davis pursued the defendant, and observed him cross the double-yellow center line two to three times, cross the fog line on the right-hand side of the roadway, and make an overly tight turn. He activated his blue lights in Orleans, but the defendant did not come to a stop until four-tenths of one mile into Brewster, as soon as was safe to pull over. At the suppression hearing, Officer Davis testified that when he activated his blue lights, he did not believe the defendant had committed any arrestable offenses.

The evidence of the defendant's erratic driving was objectively sufficient to give a reasonable officer in Officer Davis's position reason to believe the defendant had committed the arrestable offense of operating while under the influence of intoxicating liquor. See *Commonwealth* v. *O'Hara*, 30 Mass. App. Ct. 608, 610 (1991) (holding that the defendant's speeds and marked lane violations at 3:00 A.M. were sufficient to give officer reason to believe the defendant was operating while under the influence of intoxicating liquor)[1]; *Commonwealth* v. *Trudel*, 42 Mass. App. Ct. 903, 904 (1997). The officer's subjective belief is not dispositive; the circumstances are to be viewed objectively. "The issue is whether the facts and circumstances warranted the officer's belief and pursuit, not whether the officer's 'feeling' warranted his belief and pursuit. *Commonwealth* v. *Gullick*, 386 Mass. 278, 283 (1982)." *Commonwealth* v. *O'Hara*, *supra* at 610 n.2. See, e.g., *Commonwealth* v. *Hason*, 387 Mass. 169, 175 (1982) (probable cause inquiry an objective test). Because an objective view of the defendant's actions provided reason to believe he committed an arrestable offense, Officer Davis had the authority, under G. L. c. 41, § 98A, to pursue him into the neighboring jurisdiction.

*Judgment affirmed.*

*Peter F. Kuntz* for the defendant.

*Robert D. Moriarty*, Assistant District Attorney, for the Commonwealth.

---

[1]We do not read *Commonwealth* v. *O'Hara*, *supra* at 610, to stand for the proposition that driving negligently so as to endanger is an arrestable offense.

