The defendant appeals from his conviction, after a jury trial, for driving while under the influence of intoxicating liquor, second offense, G. L. c. 90, § 24.[2] We affirm.
"There are three elements to the crime of operating while under the influence under G. L. c. 90, § 24 : (1) operation of a vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). In order to establish the third element, "the Commonwealth need not prove that the defendant actually drove in an unsafe or erratic manner, but it must prove a diminished capacity to operate safely." Commonwealth v. Connolly, 394 Mass. 169, 173, (1985). Proof of drunkenness is not required. See Commonwealth v. Stathopoulos, 401 Mass. 453, 458 (1988). The defendant's sole argument on appeal is that there was insufficient evidence to prove beyond a reasonable doubt his diminished capacity to operate.[3]
Viewed in the light most favorable to the Commonwealth, the evidence, together with the reasonable inferences to be drawn from it, permitted a rational juror to find the following. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). At approximately 3:00 P.M. on March 9, 2016, Officer Kurt Carpenter of the Granby police department was driving on State Street when he saw the defendant driving towards him almost entirely in the officer's lane. The defendant was waving out the window. The officer activated his lights, turned around and pursued the defendant's car. When the defendant did not stop, the officer activated his siren. Other cars pulled over to stop, but the defendant did not. Instead, he continued to drive, swerving, pulling around the stopped vehicles, and honking his horn at them. The defendant drove into a storm drain causing one of his rear tires to lose contact with the ground. Ultimately, the defendant stopped the car at a forty-five degree angle, half in grass and half on the road, with the rear bumper in the travel lane. The defendant's driving was erratic, unorthodox, and gravely hazardous. See Commonwealth v. O'Hara, 30 Mass. App. Ct. 608, 610 (1991) (defendant's driving irregularities were sufficient to give officer reason to believe defendant was operating while under influence of liquor). The evidence showed not only a diminished capacity to operate safely, but actual unsafe operation.
In addition, there was ample evidence of impairment by intoxication. The defendant was unable to produce his license or registration despite the fact that the registration was easily visible to the officer. The defendant's speech was slow, drawn out, difficult to understand, an odor of alcohol emanated from within the car, and there were empty beer bottles on the floor of the passenger side of the car. See Commonwealth v. Shabo, 47 Mass. App. Ct. 923, 924 (1999) (smell of alcohol and slurred speech supported finding of intoxication). A partially-consumed cold bottle of beer was behind the center console, and only four full bottles remained in two six-packs. The defendant's breath smelled of alcohol, and he had difficulty keeping his footing when he got out of the car. See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994) (unsteadiness and smelling of alcohol are factors that may support inference of diminished capacity due to intoxication); Commonwealth v. Sauer, 50 Mass. App. Ct. 299, 303 (2000) (erratic driving and unsteadiness while exiting car are evidence of intoxication); Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011) (poor balance and slurred speech are evidence of intoxication). When he was being transported to the station, the defendant admitted that he had drunk seven or eight beers. Given the evidence, it required no large leap for the jury to conclude that the defendant's intoxication was causally linked to his unsafe driving.
Judgment affirmed.

The defendant was also charged with operating a motor vehicle with a suspended license, G. L. c. 90, § 23, and with the civil infractions of a marked lanes violation, G. L. c. 89, § 4A, and open container of alcohol, G. L. c. 90, § 24I.

The defendant stipulated to operation and public way.