COMMONWEALTH *vs.* EUGENE H. GRISE.

Hampden.   May 6, 1986. — August 13, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Arrest. Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Dismissal. *Police,* Unlawful arrest.

Where a police officer was outside of his territorial jurisdiction and not in "fresh and continued pursuit" within the meaning of G. L. c. 41, § 98A, at the time the officer arrested a defendant for operating a motor vehicle while under the influence of intoxicating liquor, the arrest was invalid. [249-250]

On appeal by the Commonwealth from the dismissal of a criminal complaint on the ground that the police officer who had arrested the defendant for operating an automobile while under the influence of intoxicating liquor was outside his territorial jurisdiction and not in fresh and continued pursuit of the defendant at the time of the arrest, this court declined to adopt a rule which would allow a private person to arrest a suspect for a misdemeanor amounting to a breach of the peace committed in the arresting person's presence. [250-252]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on December 12, 1984.

On appeal to the jury session of that court, a motion to dismiss was heard by *Alvertus J. Morse,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Ariane D. Vuono,* Assistant District Attorney, for the Commonwealth.

*Vincent A. Bongiorni* for the defendant.

HENNESSEY, C.J. The question of first impression presented by this case is whether a police officer lawfully may arrest a motorist for operating under the influence of intoxicating liquor, G. L. c. 90, § 24 (1984 ed.), outside of the officer's territorial jurisdiction, where the arresting officer was not in "fresh and continued pursuit" of the motorist. G. L. c. 41, § 98A (1984 ed.).

On December 12, 1984, two officers of the Ludlow police department, operating a marked Ludlow police cruiser, were stopped at a traffic light at an intersection in the city of Springfield. One of the officers, Basil Crandell, observed the defendant's motor vehicle traveling through the intersection while the light was red. The officers waited until the traffic light had turned green and then followed the defendant's vehicle. Officer Crandell observed the defendant's vehicle crossing the center line of the roadway repeatedly and weaving back and forth between the two westbound lanes. Believing that the defendant may have been operating under the influence of intoxicating liquor, Officer Crandell put on the overhead blue lights of the police cruiser and stopped the defendant's car within the Springfield city limits. Based upon his observations of the defendant, Officer Crandell arrested him for operating under the influence of intoxicating liquor. He placed the defendant in the Ludlow police cruiser, and called the Springfield police for assistance. Springfield police officers transported the defendant to the Springfield police department. He was cited for operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24.

On May 20, 1985, the defendant filed a motion to dismiss the complaint on the ground that his arrest occurred outside of the territorial jurisdiction of the arresting officer.[1] The judge allowed the defendant's motion to dismiss, ruling that (1) Officer Crandell was outside of his jurisdiction and not in "fresh and continued pursuit" of the defendant at the time of making the arrest, G. L. c. 41, § 98A, and therefore was acting as a private citizen; and (2) a private citizen has no authority to arrest for traffic violations or for operating under the influence of intoxicating liquor. The Commonwealth appealed this dismissal, Mass. R. Crim. P. 15 (a) (1), 378 Mass. 882 (1979), and we transferred the case here on our own motion. We affirm.

---

[1] The defendant also filed a motion to suppress evidence obtained as a result of the allegedly unlawful arrest. No action was taken on this motion due to the judge's dismissal of the complaint against the defendant. See our comments in the concluding paragraph of this opinion as to this choice of action by the judge.

When executing a warrant of arrest, a police officer's power is State-wide. G. L. c. 41, §§ 95, 98 (1984 ed.). *Commonwealth* v. *Martin,* 98 Mass. 4 (1867). However, the power of a police officer at common law to make an arrest without a warrant is limited to the boundaries of the governmental unit by which he was appointed, unless the police officer is acting in fresh and continued pursuit of a suspected felon who has committed an offense in the officer's presence and within his territorial jurisdiction.[2] *Commonwealth* v. *Harris,* 11 Mass. App. Ct. 165, 168 (1981). See K.B. Smith, Criminal Practice and Procedure § 100 (2d ed. 1983); 5 Am. Jur. 2d Arrest § 50 (Supp. 1985); Rep. A.G., Pub. Doc. No. 12, at 136-137 (1967). In 1967, the Legislature broadened this common law rule by allowing extra-territorial "fresh pursuit" arrests for any offense, felony, or misdemeanor, committed in the arresting officer's presence and within his jurisdiction. G. L. c. 41, § 98A, inserted by St. 1967, c. 263.[3] This statute empowers a police

---

[2] We must distinguish the issue of a police officer's territorial power to make an arrest (the critical question in this case) from the issue of those offenses for which an officer may arrest a criminal suspect without a warrant.

A police officer *otherwise empowered* to make an arrest, may arrest without a warrant any person whom he has reasonable cause to believe has committed a felony. See *Commonwealth* v. *Hason,* 387 Mass. 169, 173 (1982); *Commonwealth* v. *Holmes,* 344 Mass. 524, 525 (1962). In the absence of statutory authority (see, e.g., G. L. c. 276, § 28 [1984 ed.]), a police officer may arrest without a warrant a person suspected of committing a misdemeanor only where the misdemeanor involves a breach of the peace committed in the officer's presence. See *Muniz* v. *Mehlman,* 327 Mass. 353, 356-357 (1951).

We may presume that, but for the jurisdictional issue, Officer Crandell acted within his authority in arresting the defendant without a warrant. See *Commonwealth* v. *Gorman,* 288 Mass. 294, 298-299 (1934) (operating a motor vehicle under the influence of intoxicating liquor is an offense involving a breach of the peace); G. L. c. 90, § 21, as appearing in St. 1985, c. 794, § 1 (expressly authorizing warrantless arrest for operating under the influence of intoxicating liquor).

[3] General Laws c. 41, § 98A, provides as follows: "A police officer of a city or town who is empowered to make arrests within a city or town may, on fresh and continued pursuit, exercise such authority in any other city or town for any offense committed in his presence within his jurisdiction for which he would have the right to arrest within his jurisdiction without a warrant. Said officer may return any person so arrested to the jurisdiction wherein said offence was committed. Nothing contained in this section shall

officer to make a warrantless, extra-territorial arrest of a suspect who is being pursued into a neighboring town. However, G. L. c. 41, § 98A, does not validate the arrest in this case, since the Ludlow police officer's observation, pursuit, and arrest of the defendant all occurred in Springfield.

When a police officer makes a warrantless arrest outside of his jurisdiction, and not in "fresh and continued pursuit" of the suspect within the meaning of G. L. c. 41, § 98A, then he acts as a private citizen, and the arrest will be held valid only if a private citizen would be justified in making the arrest under the same circumstances. *Commonwealth* v. *Gullick,* 386 Mass. 278, 282 (1982) (Massachusetts State trooper lawfully arrested felon in New Hampshire). *Commonwealth* v. *Harris, supra* at 168-170 (Revere police officers lawfully arrested suspected felon in Chelsea). When police officers leave their jurisdiction "they cease[] to be officers but they d[o] not cease to be persons." *Id.* Thus the critical issue is whether a private citizen would have been authorized to arrest the defendant in the circumstances of this case.

In Massachusetts a private citizen may lawfully arrest someone who has in fact committed a felony. *Commonwealth* v. *Lussier,* 333 Mass. 83, 92 (1955). *Commonwealth* v. *Colitz,* 13 Mass. App. Ct. 215, 220 (1982). However, operating a motor vehicle while under the influence of liquor is a misdemeanor. See G. L. c. 90, § 24; G. L. c. 274, § 1 (1984 ed.). This court has never squarely addressed the issue of a private person's power to arrest for a misdemeanor.[4] The Com-

---

be construed as limiting the powers of a police officer to make arrests and in so far as possible this section shall be deemed to be declaratory of the common law of the Commonwealth."

[4] In *McDermott* v. *W.T. Grant Co.,* 313 Mass. 736, 738 (1943), relied on by the Commonwealth, we upheld a tort judgment against the defendant retail store for false arrest. Without directly addressing the circumstances in which the manager of the store could lawfully arrest the plaintiff, we simply stated that "no such right exists where no offense is committed in the presence of one who makes the arrest." *Id.* at 738. See G. L. c. 231, § 94B, as appearing in St. 1985, c. 348, § 2, (providing merchant with

monwealth urges us to adopt a rule which would allow a private person, like a police officer, to arrest a suspect for a misdemeanor amounting to a breach of the peace which is committed in the arresting person's presence.[5] This was the rule at common law in England. See *Timothy* v. *Simpson,* 1 Crompton M. & R. 757, 762-763 (1835); 10 Halsbury's Laws of England at 343 (1955); *Carroll* v. *United States,* 267 U.S. 132, 157 (1925). Numerous jurisdictions in this country allow for such arrests. See Cal. Penal Code § 837 (Deering 1983); Me. Rev. Stat. Ann. tit. 17-A, § 16 (1964); Minn. Stat. § 629.37 (Supp. 1985); Miss. Code Ann. § 99-3-7 (1972); S.D. Codified Laws Ann. § 23A-3-3 (1979). However, other jurisdictions limit a private person's power of arrest to felonies. See Ark. Stat. Ann. § 43-404 (1977); Mich. Comp. Laws § 764.16 (1979); Ohio Rev. Code Ann. § 2935.04 (Baldwin 1979); *Schachter* v. *State,* 338 So. 2d 269 (Fla. Dist. Ct. App. 1976). In the absence of legislative direction, we believe the latter approach to be more sound. Although the Commonwealth advances strong arguments in favor of allowing a private person to abate or prevent a disruption of the peace, there are equally compelling policy reasons for limiting such powers of arrest to police officers. Since "breach of the peace" may be construed by laymen as a somewhat elastic concept, empowering private persons to arrest for such misdemeanors might only encourage "vigilantism and anarchistic actions." See *Commonwealth* v. *Klein,* 372 Mass. 823, 829 (1977) (discussing citizen's privilege to use deadly force in preventing escape of felons).

---

defense in action for false arrest if customer detained in a reasonable manner and for a reasonable time).

[5] The Commonwealth concedes that such a rule would lead to a somewhat anomalous result. Private persons who arrest for a felony may justify their actions in a claim for false arrest only by showing that the crime was "in fact . . . committed." *Commonwealth* v. *Lussier,* 333 Mass. 83, 92 (1955). *Pilos* v. *First Nat'l Stores, Inc.,* 319 Mass. 475, 478 (1946). However, a private person empowered to arrest for breach of the peace would avoid liability on a mere showing of probable cause. See G. L. c. 231, § 94A (1984 ed.) (providing a defense to an action for false arrest for any "person authorized to make an arrest" who, upon probable cause, arrests someone for a misdemeanor committed in his presence).

In addition, it is clear from the provisions of our statutes relating to motor vehicle offenses that the Legislature did not intend to authorize a citizen's arrest for operating under the influence of intoxicating liquor. General Laws c. 90, § 21 (1984 ed. & Supp. 1985), authorizes police officers to make warrantless arrests for this crime, subject to the specific requirement that "such officer is in uniform or conspicuously displaying his badge of office." *Id.* One of the obvious purposes of requiring a police officer to make known his authority for stopping a vehicle is to reduce the fear or anxiety which a driver might otherwise experience. This purpose would be defeated if the power to arrest for operating under the influence of intoxicating liquor were bestowed upon private individuals. Also, G. L. c. 90C, § 4, as appearing in St. 1985, c. 794, § 3, allows "a person other than a police officer" to apply "for a criminal complaint for an automobile law violation . . . and such person need not show that the alleged violator has been issued a citation in connection with such violation." *Id.* Although not conclusive, this section suggests that the Legislature's preferred method of dealing with personal grievances regarding motor vehicle violations is through application for a criminal complaint, and not through private arrest.

We recognize the strong public policy in this Commonwealth against drunk driving, and the necessity for removing intoxicated motorists from the roads before they harm themselves or other persons. See *Commonwealth* v. *Trumble,* 396 Mass. 81, 86-87 (1985). We also appreciate that these interests might best be served by allowing police officers to apprehend intoxicated motorists outside of the officers' territorial jurisdictions. However, we decline to reach this result through the circuitous route of empowering private persons to arrest for misdemeanors involving a breach of the peace. If the Legislature in its wisdom wishes to broaden the powers of police officers acting outside of their territorial jurisdictions, it may amend G. L. c. 41, § 98A, to accomplish this purpose.[6]

---

[6] In the absence of legislative action, we note that police departments, where practical, may take the precaution of having their officers sworn in as special officers on the police forces of neighboring cities and towns in

The judge was correct in ruling that the arrest of the defendant was unlawful. We add a comment as to a point which neither the judge nor the parties addressed: that it does not follow ineluctably from the unlawful arrest of the defendant that the complaint against him must be dismissed. Rather, the inquiry in such a case ordinarily should determine what, if any, evidence should be suppressed as a result of the unlawful arrest. Cf. *Wong Sun* v. *United States,* 371 U.S. 471, 488 (1963) (evidence excluded under "fruit of poisonous tree" doctrine where arrest violated Fourth Amendment). In this case, however, it is palpably clear that evidence that the defendant was under the influence of intoxicating liquor would not have been obtained but for the arrest, and that the defendant thus was irretrievably prejudiced by the unlawful arrest.[7] See *Commonwealth* v. *Andrade,* 389 Mass. 874, 879-880 (1983). Therefore, the judge's order of dismissal is affirmed.

*So ordered.*

---

order to validate extra-territorial arrests. G. L. c. 41, § 99 (1984 ed.). See *Commonwealth* v. *Harris,* 11 Mass. App. Ct. 165, 171 n.6 (1981).

[7] We consider this conclusion to be implicit in the judge's ruling on the defendant's motion to dismiss.