COMMONWEALTH *vs.* WESTON G. BEAN, JR. No. 87-1084. March 21, 1988. *Search and Seizure,* Arrest. *Arrest.*

A jury in a District Court found the defendant guilty of larceny of a motor vehicle and the unlawful possession of ammunition (chemical mace).

Prior to trial, he filed a "Motion to Dismiss Complaints or Suppress Evidence". The motion alleged that the West Bridgewater police officer who had arrested him in Brockton had made an illegal arrest, in violation of his constitutional rights, which required the dismissal of the complaints or, at the very least, the suppression of certain evidence. A judge of the District Court held an evidentiary hearing, made findings of fact and rulings of law, and entered an order denying the motion. That order is the basis of the appeal. We affirm the order and the judgments of conviction.

The judge made the following findings of fact, which we accept. See *Commonwealth* v. *Moon*, 380 Mass. 751, 755-756 (1980). On December 12, 1987, a West Bridgewater resident reported to the West Bridgewater police that his automobile, which had been stolen about one week earlier, had been observed at Montello and Grove Streets in Brockton. Officer James Ames told the resident to report this information to the Brockton police. While en route to Brockton, the resident observed his automobile (a gray 1979 Dodge sedan, registration number 551-EMF) parked near Montello and Grove Streets in Brockton. After leaving the Brockton police department, the resident again went by Montello and Grove Streets. His automobile was gone.

The resident made further contact with the West Bridgewater police and told them about his trip to Brockton. Officer Ames dispatched West Bridgewater police officer William L. Paretti to the area in Brockton where the vehicle had been observed and told Paretti to look for the automobile. The Brockton police were also consulted. They told Ames that they were too busy to check out the report. Paretti, who stayed in Brockton for about three hours, did not observe the vehicle.

West Bridgewater police officer Robert D. Smith noticed the advisory about the stolen vehicle when he came on duty for the midnight to 8:00 A.M. shift. He advised his shift commander that he would periodically check the Montello and Grove Streets area in Brockton for the stolen vehicle and would advise the Brockton police if he saw it. Early in his shift, Smith went to Brockton but could not find the automobile.

About 3:00 A.M. Officer Smith made another check of the vicinity of Montello and Grove Streets without success. However, as he was heading back to West Bridgewater he passed a gray Dodge sedan which matched the description of the stolen vehicle. He turned his cruiser around to look at the vehicle's license plate. The vehicle turned down a side road which had no street sign.

Officer Smith eventually pulled up behind the vehicle and saw that its license plate matched the registration number of the stolen automobile. Not knowing where he was, Smith was unable to radio for help or report that he had found the stolen vehicle. (Communication with the Brockton police was also hampered by the fact that the West Bridgewater and Brockton police departments had different radio frequencies.)

Smith approached the vehicle alone and with his service revolver drawn. The defendant was in the driver's seat with both hands on the steering wheel and the engine running. A woman sat next to him. As Smith began to open the vehicle's door, the defendant said, "Okay you've got me" and quickly dropped his right arm. The vehicle lurched forward and Smith's revolver went off. The defendant was wounded by the shot. The vehicle was confirmed to be the stolen automobile. The mace was found in a subsequent search of the defendant's jacket.

Since Officer Smith was acting outside of his territorial jurisdiction, the issue before the judge below was whether Smith had made a valid citizen's arrest of the defendant. The defendant argued to the judge (and argues with more amplification here) that Smith had not. Specifically, it was argued that the conduct of the West Bridgewater police amounted to a stakeout of an area in Brockton — a prolonged investigation — in circumstances which involved no emergency or urgency. It is the defendant's view that the conduct exceeded all reasonable limits, so that it could not be considered an effective citizen's arrest, and required, as a sanction, dismissal of the complaints or suppression of critical evidence.[1]

The law governing an arrest by a police officer acting outside of his territorial jurisdiction has been discussed extensively in the decisions, e.g., *Commonwealth* v. *Gullick*, 386 Mass. 278 (1982), *Commonwealth* v. *Grise*, 398 Mass. 247 (1986), and *Commonwealth* v. *Harris*, 11 Mass. App. Ct. 165 (1981). When an officer arrests outside of his jurisdiction, he acts as a private citizen, and the arrest will be held valid if made under circumstances that would justify a citizen in making the arrest. *Commonwealth* v. *Harris*, *supra* at 169, and cases cited. A citizen's arrest is valid in Massachusetts if it is shown that the person arrested has in fact committed a felony. *Id.* at 170, and cases cited. In some cases, an arrest by a police officer who is deemed to be acting as a private citizen may be held valid on the basis that the officer had probable cause to believe that a felony had been committed and that the person arrested had committed it. *Id.* at 171-172, and cases cited.

Officer Smith's conduct satisfies either test. By the time he pulled up behind the automobile being driven by the defendant he clearly had probable cause to arrest the defendant for the larceny of the vehicle, and the evidence acquired by that time, and shortly thereafter, would satisfy any reasonable standard for judging the "in fact committed a felony" requirement. *Id.* at 170 n.5. See also *Jacques* v. *Childs Dining Hall Co.*, 244 Mass. 438, 440-441 (1923).

---

[1] The evidence sought to be suppressed is, of course, the mace, on the theory that its seizure was the result of a search pursuant to an unlawful arrest. The defendant's counsel also appears to contend that Officer Smith's observations and identification of the defendant, as the driver of the stolen vehicle, should also have been suppressed as the result of the allegedly illegal conduct by the West Bridgewater police. See *Commonwealth* v. *Grise*, 398 Mass. 247, 253 (1986).

While the circumstances described in the *Harris* and *Gullick* decisions may have imparted a degree of urgency to the actions taken by the police in those cases, we do not view the more deliberate action of the West Bridgewater police in this case as vitiating the defendant's arrest so long as their over-all conduct was reasonable. It clearly was. The Brockton police were unable to help in the inquiry about the stolen vehicle, and credible information had been received that the vehicle was likely to be found in the immediate vicinity of Montello and Grove Streets in Brockton. Some promptness was necessary because the stolen vehicle was mobile, and it could be assumed that the vehicle and the thief might not remain very long in the area where the vehicle had been seen. The Brockton police had been advised that the West Bridgewater police would be checking the area. After the vehicle was sighted, conditions existed which made it impractical, if not impossible, for Officer Smith to reach the Brockton police. Criticism that the West Bridgewater police engaged in a lengthy and improper investigation of a crime outside of their jurisdiction is simply not persuasive in the circumstances found to exist by the judge. We discern nothing in *Commonwealth* v. *Harris, supra* at 171-172 n.6, or in any of the other arguments raised by the defendant, which demonstrates a violation of his Federal or State constitutional rights.

*Judgments affirmed.*

*Jane Larmon White,* Committee for Public Counsel Services, for the defendant.

*Linda M. Fleming,* Assistant District Attorney, for the Commonwealth.