**Charles JONES, Plaintiff,**

**v.**

**CITY OF BOSTON, et al., Defendants.**

**Civ. A. No. 87–2738–Mc.**

United States District Court, D. Massachusetts.

May 30, 1990.

Stephen Hrones, Hrones & Harwood, Boston, Mass., for plaintiff.

John Roache, Boston, Mass., for City of Boston Law Dept., and Donovan and Armstrong.

Douglas Robertson, Raymond J. Kenney, Jr., Martin, Magnuson, McCarthy & Kenney, Boston, Mass., for Alverado, Stassuim and Copley Operating, Inc. D/B/A Copley Sq. Hotel.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT GRANTED IN PART AND DENIED IN PART

McNAUGHT, District Judge.

Plaintiff Charles L. Jones (Jones) brought this action for civil rights violations pursuant to Title 42 U.S.C. §§ 1981, 1985, and 2000a, and for state law violations under Massachusetts General Laws c. 272, § 98 and c. 12, § 11I, as well as for common law offenses. Jones alleges that while a patron at the Copley Square Hotel, he was subjected to a racial epithet uttered by the bartender in the hotel's bar, the Sports Saloon. Specifically, plaintiff states that after speaking to a group of white women seated in the bar, defendant Richard Stasium, the bartender, said to the women, "[w]hat did I tell you about talking to niggers?"

According to the complaint, immediately following that statement, Stasium grabbed plaintiff and forcibly escorted him out of the bar into the hotel lobby. There, defendant David Alvarado, the hotel manager, asked plaintiff to leave the hotel but would not provide Jones with the $86.00 he had paid for his room.

Defendants deny the entire incident. They allege that Jones harassed women in the bar, became unruly, knocked over a table, shouted obscenities at defendants and was generally abusive. Defendants assert that their action in asking Jones to leave the hotel was justified on account of his behavior.

The matter is before the Court on defendants Stasium, Alvarado, and Copley Operating, Inc.'s (owner of Copley Square Hotel) motion for summary judgment on all counts. For the reasons that follow, defendants' motion is granted in part and denied in part.

Most of plaintiff's claims are for civil rights violations. Without question, the racial epithet of "nigger" shows an intent to discriminate on the basis of race. That satisfies plaintiff's burden under Count I under 42 U.S.C. § 1981. See *General Bldg. Contractors' Ass'n v. Pennsylvania*, 458 U.S. 375, 389, 391, 102 S.Ct. 3141, 3149, 3150, 73 L.Ed.2d 835 (1982). It also satisfies plaintiff's burden under 42 U.S.C. § 2000a and Massachusetts General Laws c. 272, § 98 of showing that he was denied equal access to a place of public accommodation on the basis of race. The term "nigger" is intimidating by its very nature and therefore, Jones has also sustained his burden of showing a possible civil rights violation under Massachusetts General Laws c. 12, § 11I. Summary judgment, therefore, is denied for Stasium on Count I under Title 42 U.S.C. § 1981, Count

V under 42 U.S.C. § 2000a, Count VI under Massachusetts General Laws c. 12, § 11I, and Count VIII under Massachusetts General Laws c. 272, § 98.

It is true, as defendants point out, that plaintiff's only support for his claim is his own testimony. It is axiomatic, however, that evidence of racial animus is rarely established in a clearcut fashion. A bartender in a public establishment who suggests that white women should not speak to a "nigger" is clearly committing a violation of civil rights.

■ Summary judgment on the above counts is granted to defendant Alvarado. Plaintiff has not provided any showing whatsoever that Alvarado discriminated against him on the basis of race. There is no claim that Alvarado himself made racially derogatory remarks against plaintiff, nor is there any evidence that Alvarado's motive in forcing Jones to leave the hotel was a pretext for a racially discriminatory purpose.

■ There is a question of whether Copley Operating is liable under the theory of *respondeat superior* for a racial epithet allegedly uttered by its employee. No Massachusetts court has addressed whether *respondeat superior* applies to Massachusetts General Laws c. 12, § 11I. Analogizing to the parallel Federal statute, 42 U.S.C. § 1983, this Court opines that the doctrine of *respondeat superior* would not apply to the Massachusetts statute. See *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 473 N.E.2d 1128, 1131 (1985) ("remedy under G.L. c. 12, § 11I [is] coextensive with 42 U.S.C. § 1983, except that the Federal statute requires State action whereas its State counterpart does not"). Summary judgment, therefore, is granted to Copley Operating, Inc. on Count VI under the Massachusetts Civil Rights Act.

■ There is also no case law on the question of whether *respondeat superior* applies to actions brought under 42 U.S.C. § 2000a. Since the Supreme Court has decided that *respondeat superior* does not apply to section 1983 claims, *Monell v. New York City Dept. of Social Services*, 436

U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), I conclude that the same reasoning applies to section 2000a claims. Summary judgment is granted to Copley Operating on Count V.

■ Count VIII is brought under Massachusetts General Laws c. 272, § 98, a criminal statute which enforces civil rights laws. Copley Operating is not liable for a criminal act of its employee. Summary judgment is granted to Copley Operating on that count.

■ Summary judgment is denied, however, to Copley Operating, Inc. under Count I for a violation of 42 U.S.C. § 1981. The First Circuit has answered the question of whether *respondeat superior* applies to section 1981 cases in the affirmative. *Springer v. Seaman*, 821 F.2d 871, 881 (1st Cir.1987). To impute liability to Copley Operating, Jones must show that Stasium was acting within the scope of his employment when he engaged in the wrongful conduct. *Id.* at 881. "Whether an employee's actions were within the scope of his or her duties is a question of fact for the jury, unless the answer is clearly indicated." *Ibid.* Here, Stasium was working as the Sport Saloon's bartender when the incident allegedly occurred. According to the complaint, after serving plaintiff a drink, Stasium uttered the offensive comment. Following the epithet, Stasium allegedly forced Jones out of the bar. Whether Stasium was acting within the scope of his employment sufficient to impute liability to his employer is not clear and therefore, summary judgment is not appropriate under Count I for Copley Operating, Inc.

■ Summary judgment is granted for all three defendants on Count IV under 42 U.S.C. § 1985(3). The elements of a conspiracy as set forth by the Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971) are not met. Even though Jones does not need to show an express agreement between Stasium, Alvarado and Copley Operating, the pleadings do not permit even the inference that the parties con-

spired to commit an illegal act. See *Hunt v. Weatherbee,* 626 F.Supp. 1097, 1107 (D.Mass.1986).

■ Jones's final claims are for common law offenses. Against Stasium, Jones alleges assault and battery, false imprisonment and intentional infliction of emotional distress. Jones charges Alvarado with breach of contract. Taking the allegations of plaintiff as true, if Stasium physically threw Jones out of the bar, and deprived plaintiff of his freedom in so doing, Jones has made out a claim for assault and battery and false imprisonment sufficient to overcome a summary judgment motion.

■ Jones cannot prevail on his claim of intentional infliction of emotional distress. Although there is no question that referring to a person as a "nigger" is outrageous, Jones is unable to show that his distress was severe. *Simon v. Solomon,* 385 Mass. 91, 431 N.E.2d 556, 561 (1982), citing *Agis v. Howard Johnson Co.,* 371 Mass. 140, 355 N.E.2d 315 (1976). In Jones's deposition, he describes his distress as feeling "distant from a lot of people I was close to who are white" and being "[v]ery paranoid of the police now." Jones has not been treated by a doctor, psychologist or psychiatrist for his distress. Without minimizing plaintiff's distress, it is not severe enough to withstand defendants' motion for summary judgment.

Finally, there is nothing in the pleadings to support Jones's claim against Alvarado for breach of contract. Summary judgment, therefore, is granted to Alvarado on that claim.