Fremont-Smith, J.
Defendant is charged with operating a motor vehicle so as to endanger the public, M.G.L.c. 90, §24, and operating a motor vehicle while under the influence — subsequent offense, M.G.L.c. 90, §24. Defendant moves to suppress all observations and resulting evidence obtained by the two police officers who arrested him on May 26, 1997. The two Billerica police officers had received a dispatch call that there had been several reports of a pick-up truck driving erratically at a high rate of speed on Route 3 in Billerica. In order to intercept the vehicle, however, instead of pursuing the vehicle in Billerica down Route 3 into Chelmsford, the officers decided to intercept it and proceeded to an exit in Chelmsford, outside their jurisdiction, where they parked their cruiser in a grass area adjacent to Route 3. As they waited, several vehicles which passed by, blinked their lights and waved behind them. Shortly thereafter, the officers observed defendant’s pick-up truck proceeding with *77 smoke coming from the vehicle and sparks coming from under one of the wheels, which had no tire but was being driven on the wheel rim. The cruiser then proceeded behind the vehicle with blue lights flashing, the vehicle pulled over, and the driver exited. At this point, the officers could see that the driver was swaying and staggering. The officers approached, observed the defendant to be intoxicated, and arrested him by placing him in cuffs and directing him to sit in the back seat of their cruiser. Realizing that they were outside their jurisdiction, they radioed the State Police and, when a State Police patrol car arrived, defendant was transferred to it.
The Court finds, based on all the credible evidence, that the defendant was subjected to an investigatory stop and was then arrested (by being cuffed and placed in the officers’ cruiser) and that this stop and arrest were illegal. It is clear that when a police officer makes an investigatory stop or a warrantless arrest outside of his jurisdiction, and not in “fresh pursuit" of a subject, within the meaning of G.L.c. 41, §98A, he acts as a private citizen. Commonwealth v. Grise, 398 Mass. 247, 250 (1986); Commonwealth v. Dise, 31 Mass.App.Ct. 701, 703, n.3 (1991). It is also clear that a police officer acting as a private citizen can only arrest if he had “probable cause to believe that a felony had been committed and that the person arrested had committed it.” Commonwealth v. Claiborne, 423 Mass. 275 (1996). In this case, the police lacked probable cause to believe that a felony, as opposed to a misdemeanor, had been committed.[1]
The Commonwealth argues that, acting as private citizens, the officers should be permitted to testify as to their observations which preceded and were independent of his arrest, citing Commonwealth v. Tynes, 400 Mass. 369, 372-74 (1987) (off-duty officer’s observations and interrogation where defendant was not in custody need not be suppressed, even though officer was outside his jurisdiction). In Tynes, however, the officer was in plain clothes and did not identify himself as a police officer. Here, on the other hand, the police, outside of their jurisdiction, pulled over defendant’s vehicle with their cruiser’s blue lights flashing prior to observing the defendant’s inebriated condition, so that their observations must be suppressed.[2]
ORDER
For each of the above reasons, defendant motion is allowed.

Although driving under the influence of alcohol is a misdemeanor, defendant is also charged with driving under— subsequent offenses, M.G.L.c. 90, §24, which are felonies. However, the Commonwealth has not demonstrated that, at the time of the stop and arrest, the officers had any knowledge of his prior convictions. Therefore, the police had no reason to believe defendant had committed a felony so as to justify a citizen’s arrest. See Stearns, “District Court Prosecutor’s Guide, pp 370-71 (1997-98); Commonwealth v. Grise, supra at 251; Commonwealth v. Dise, supra at 703 n.3.

In Commonwealth v. Dise, supra at 703, n.3, the court pointed out that “(n]one of our cases has discussed or permitted police officers to make an extraterritorial Terry stop, and we do not consider that question.” In this case, of course, should the Supreme Judicial Court wish to decide this issue so as to permit such a Terry stop, the result would be different, as the officers observed defendant’s inebriated condition as soon his truck was stopped and he alighted. See also; Commonwealth v. Claiborne, 423 Mass. 275, 282 (concurring opinion).