COMMONWEALTH *vs.* TOMMIE L. MAGAZU.

No. 98-P-2284.

Plymouth. December 6, 1999. - January 21, 2000.

Present: PERRETTA, GILLERMAN, & GELINAS, JJ.

*Motor Vehicle,* Operating under the influence. *Arrest.*

A police officer driving outside of his jurisdiction, who observed and had
   reason to believe that another driver was operating his vehicle while under
   the influence of intoxicating liquor, and who then followed that driver and
   vehicle as it drove into his jurisdiction, had authority, pursuant to G. L.
   c. 41, § 98A (fresh pursuit), to arrest the driver, who had pulled his vehicle
   into a driveway situated a short way into a third jurisdiction. [467-469]

COMPLAINT received and sworn to in the Brockton Division of
the District Court Department on May 6, 1998.

A motion to dismiss was heard by *Paul F. X. Moriarty,* J.

*Jeffrey S. Beckerman,* Assistant District Attorney, for the
Commonwealth.

*Timothy H. White* for the defendant.

PERRETTA, J. This is an appeal by the Commonwealth from a
District Court judge's dismissal of a complaint charging the
defendant with operating a motor vehicle while under the influ-
ence of intoxicating liquor. The defendant claimed that the of-
ficer was beyond his jurisdiction and, therefore, lacked authority
to arrest him.[1] We reverse the judgment.

1. *The facts.* Only one witness, Whitman police officer Dean
Leavitt, testified at the evidentiary hearing held on the motion
to dismiss. Leavitt related the following facts. On May 6, 1998,
at about 1:50 A.M., he was in his cruiser patrolling along Route

---

[1]We do not consider whether the defendant's claim was one more ap-
propriately raised on a motion to suppress. As acknowledged by the Com-
monwealth, it would have been required in any event to dismiss the complaint
for lack of evidence had a suppression motion been brought and allowed on
the same basis. See *Commonwealth* v. *Grise,* 398 Mass. 247, 253 (1986).

27 in Whitman. He continued along Route 27 (Franklin Street) and entered East Bridgewater for the purpose of pulling into a nearby gas station to reverse his direction and return to Whitman. The gas station was about one-eighth to one-quarter of a mile from the Whitman town line.

Leavitt related that as he turned his cruiser and was about to leave the gas station parking area, he noticed a car proceeding along Route 14 toward its intersection with Franklin Street in East Bridgewater. The car was traveling at a high rate of speed for that area. He heard the screech of tires and saw the car proceed into the intersection, stopping one car length beyond the stop sign. Leavitt continued to watch the car as it remained stationary in the intersection for about three to five minutes. During that time, the driver, the defendant, continuously looked at Leavitt's cruiser. When the defendant again put the car in motion, he made a sharp turn onto Franklin Street in the direction of Whitman. After watching the defendant drive in the oncoming lane for about eighty feet before returning to the proper side of the road, Leavitt pulled out of the parking area and followed the defendant as he progressed into Whitman. As Leavitt did so, he remained about twenty yards behind the defendant and did not activate his siren.

While following the defendant, Leavitt saw that he crossed over the center line several times and the right shoulder line once or twice. The defendant also alternated the speed of the car from above the posted speed limit to significantly below it. While driving along Franklin Street in Whitman, the defendant rapidly decelerated the car and, without signaling, made a sharp right turn into the driveway of a private residence. Although the portion of Franklin Street abutting that driveway is a Whitman public way, the driveway itself and private residence are situated in Hanson.[2]

2. *Discussion.* It is the Commonwealth's argument that Leavitt was authorized under G. L. c. 41, § 98A, as inserted by

---

[2]After the appeal was entered, the defendant filed a motion to correct and expand the record to include a photograph and maps which he claims refute Leavitt's testimony. On February 24, 1999, a single justice denied that motion "without prejudice to renewal in the trial court." The defendant did not, however, renew his motion in the proper forum. We, therefore, do not consider those materials. Were we to consider the maps and photograph, we would conclude that, contrary to the defendant's contention, they fall short of establishing his claim that he never drove within the territorial limits of Whitman prior to his arrest.

St. 1967, c. 263, to arrest the defendant in Hanson. As relevant, that statute provides: "A police officer of a city or town who is empowered to make arrests within a city or town may, on fresh and continued pursuit, exercise such authority in any other city or town for any offen[s]e committed in his presence within his jurisdiction for which he would have the right to arrest within his jurisdiction without a warrant." The defendant counters that § 98A is inapplicable for two reasons: Leavitt's initial observations of his erratic driving were made in East Bridgewater, and Leavitt followed rather than pursued him.

Leavitt's testimony shows that his observations of the defendant in East Bridgewater gave him reason to believe that the defendant was driving while under the influence of intoxicating liquor. See *Commonwealth* v. *Connolly*, 394 Mass. 169, 172 (1985); *Commonwealth* v. *Riley*, *ante* 463 (2000). It follows, therefore, that when the defendant continued to drive and, moments later, proceeded into Whitman, Leavitt had reason to believe the defendant was committing an offense in his presence and within his jurisdiction. Contrast *Commonwealth* v. *Grise*, 398 Mass. 247, 248 (1986), where, as noted in *Commonwealth* v. *Savage*, 430 Mass. 341, 344-345 (1999), the officers' observations, stop, and arrest all occurred outside the territorial limits of their authority.

Although Leavitt, while in Whitman and closely following the defendant, did not activate his siren or lights and attempt to overtake and stop him, we rely upon *Commonwealth* v. *Owens*, 414 Mass. 595 (1993), and conclude that he was in "pursuit," within the meaning of § 98A, at the time of the defendant's arrest in Hanson. In *Owens*, a Quincy police officer performed a routine stolen motor vehicle check on a car parked within his jurisdiction. His request for information revealed that although the car was not stolen, its owner was being sought on an outstanding arrest warrant for serious felony charges. When a man got into the car and began to drive off, the officer followed, but did not attempt to overtake him. The officer "radioed a request to have [the car] stopped at a specific traffic light. Prior to reaching the light, however, the driver of the [car] stopped at a gasoline station" located just outside the officer's territorial limitations. The officer followed the car into the station, approached the driver, and made an investigative inquiry which led to the driver's arrest. *Id.* at 597-598. The threshold issue before the court was whether the officer acted outside his

jurisdiction when arresting the defendant without a warrant. The court concluded that because the officer was within his jurisdiction when he received information regarding the warrant, he began his "pursuit" with reason to believe that the defendant had committed an arrestable offense. *Id.* at 599-600. In the present case, Leavitt "pursued" the defendant in the same manner as the officer in *Owens.* The distinction between the two cases is that in *Owens,* the officer's reason for following the defendant was based upon information requested by him, whereas in the instant case, Leavitt's reasons for following the defendant into Hanson were based upon his personal observations.

Leavitt's reasons for following the defendant were based upon his observations of an arrestable offense, the commission of which, as observed by Leavitt, continued into his territorial authority. In our view, Leavitt's observations must be deemed just as reliable as the information held sufficient in *Owens.* Further, although the defendant argues that § 98A requires "pursuit" more frenetic than that which here occurred, *Owens* indicates otherwise.

Accordingly, the judgment of dismissal is reversed, and the matter is remanded to the District Court for further proceedings on the complaint.

*So ordered.*