## CHRISTOPHER YOUNG *vs.* BOSTON UNIVERSITY.

No. 04-P-919.

Suffolk. June 10, 2005. - September 22, 2005.

Present: LAURENCE, DUFFLY, & KATZMANN, JJ.

*Practice, Civil,* Summary judgment. *Arrest. Police,* Special police officer. *Probable Cause.*

In a civil action arising out of the allegedly illegal arrest of the plaintiff by a university police officer, the judge did not err in granting summary judgment in favor of the university on the plaintiff's arrest-related claims, where the plaintiff failed to produce sufficient evidence to raise issues of material fact concerning the police officer's lack of authority or probable cause to arrest him [587-589]; further, the judge properly granted summary judgment in favor of the university on the plaintiff's claims alleging breach of contract and violation of the public accommodation statute, G. L. c. 272, § 98 [589].

CIVIL ACTION commenced in the Superior Court Department on October 8, 1999.

The case was heard by *Patrick F. Brady,* J., on a motion for summary judgment.

*William A. Hahn* for the plaintiff.

*Robert Bruce Smith* for the defendant.

DUFFLY, J. Christopher Young brought suit against Boston University (BU) after a BU police officer arrested Young on a public street. Young's complaint is primarily devoted to claims that BU police lacked authority or probable cause to arrest him.[1] Summary judgment in favor of BU entered on all claims and Young appealed.

---

[1]The complaint sets forth the following counts based on the allegedly illegal arrest: assault and battery, false imprisonment, civil rights violations, intentional infliction of emotional distress, negligence, malicious prosecution, abuse of process, and negligent supervision. The complaint also sets forth claims of breach of contract and denial of public accommodation that are distinct from the arrest-related claims.

*Facts.* We summarize the undisputed facts, drawing inferences in favor of Young where they may reasonably be drawn from the facts. *Cole* v. *New England Mut. Life Ins. Co.*, 49 Mass. App. Ct. 296, 298 (2000). On February 27, 1996, Courtney Cronin, a BU student, obtained a G. L. c. 209A abuse prevention order against Young, a BU alumnus, that required Young to stay at least thirty yards away from Cronin. On October 9, 1996, as Cronin left a BU building located at 1 University Road, she saw Young parked in his vehicle across the street. She immediately went back inside and called the BU police department to report an apparent violation of the c. 209A order, providing a description of Young's vehicle. During this time, Young drove away from the area. Officers Daniel DiGiovine and Richard Camillo responded to Cronin's call. Officer DiGiovine confirmed that there was a c. 209A order in place; he also observed that the area where Cronin stated Young was parked was within thirty yards of where Cronin left the building. Two hours later, the dispatcher informed a patrolling BU officer, Robert Casey, that Young was wanted for violating a c. 209A order and gave Officer Casey a description of Young's car. When Officer Casey thereafter observed the vehicle on Commonwealth Avenue, he stopped and arrested Young, who was driving, near the intersection of Commonwealth Avenue and Babcock Street.[2] Soon after the arrest, BU indefinitely barred Young from its property.

*Arrest-related claims.* We will uphold an order granting or denying summary judgment "if the trial judge ruled on undisputed material facts and his ruling was correct as a matter of law." *Commonwealth* v. *One 1987 Mercury Cougar Automobile*, 413 Mass. 534, 536 (1992). As the moving party, BU met its initial burden of "affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue." *Pederson* v. *Time, Inc.*, 404 Mass. 14, 17 (1989). The burden then shifted to Young, as the nonmoving party, to produce sufficient evidence in opposition to the motion for summary judgment to raise issues of material fact and rebut the defendant's prima facie case. See *ibid.* We affirm the summary judgment.

[2]Following the arrest, Officer Casey filed an application for a complaint against Young for violation of the c. 209A order, but the charge was eventually dropped by the prosecutor.

Young argues that it was not established as a matter of undisputed fact that Officer Casey held an appointment as a special State police officer or a deputy sheriff in Suffolk County at the time of the arrest. Officer Casey's affidavit, stating that on the day of the arrest he held an appointment as a special State police officer under G. L. c. 22C, § 63, and a commission as a Suffolk County deputy sheriff, is unrebutted by sufficient evidence. In order to defeat a motion for summary judgment, a plaintiff cannot rely merely on allegations set forth in his pleadings or on bald assertions that facts are disputed. See *LaLonde* v. *Eissner*, 405 Mass. 207, 209 (1989), citing *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976).

Young next argues that, as matter of law, the officer lacked authority or jurisdiction to arrest Young on a public street near BU for an alleged violation of a c. 209A order occurring on BU property. General Laws c. 22C, § 63, inserted by St. 1991, c. 412, § 22, provides that employees of a university who are appointed as special State police officers "have the same power to make arrests as regular police officers for any criminal offense committed in or upon lands or structures owned, used or occupied by such . . . university." We conclude that, as a special State police officer, a BU police officer's authority extends to the environs surrounding the campus when the "special vigilance of an officer might be required to keep the peace and preserve order amongst those frequenting the [university and] those carrying persons to and from it." *Commonwealth* v. *Hastings*, 9 Met. 259, 262 (1845). This case is similar to *Commonwealth* v. *Mottola*, 10 Mass. App. Ct. 775, 781 (1980), where we held that police officers of the Massachusetts Bay Transportation Authority (MBTA) had the "authority to question and arrest the defendant at the East Boston High School, at least where . . . the offense originated on MBTA property and related to the protection of an MBTA passenger."

We similarly reject Young's argument that the officers did not have probable cause to arrest him. On the undisputed facts, the BU police had a reasonable belief that Young had violated the c. 209A order based on Cronin's statements to the officers, the officers' observations that the area where Cronin said Young was parked was within thirty yards of Cronin, and Officer Di-

Giovine's confirmation of the existence of the restraining order.[3] See *Richardson* v. *Boston*, 53 Mass. App. Ct. 201, 206 (2001) (defining probable cause as a relatively low threshold "requiring only sufficiently trustworthy information to instill in a reasonable person the requisite belief of criminality"). The arresting officer was justified in his reliance on the information gathered by other officers, as the knowledge of one officer is the knowledge of all. See *Commonwealth* v. *McDermott*, 347 Mass. 246, 249 (1964); *Commonwealth* v. *Zirpolo*, 37 Mass. App. Ct. 307, 311 (1994).

*Other issues.* Young claims that BU's letter to him banning him from campus constituted a breach of contract. The "Benefits for Alumni of Boston University" brochure did not constitute a contract between Young and the defendant. Cf. *Jackson* v. *Action for Boston Community Dev., Inc.*, 403 Mass. 8, 14-15 (1988). We also conclude that the defendant did not violate the public accommodation statute, G. L. c. 272, § 98, because Young has not been shown to be a member of any of the enumerated protected classes. See *Gutierrez* v. *Massachusetts Bay Transp. Authy.*, 437 Mass. 396, 410-411 (2002); *Jones* v. *Boston*, 738 F. Supp. 604, 605-606 (D. Mass. 1990).

The judgment is affirmed.

*So ordered.*

---

[3]See *Richardson* v. *Boston*, 53 Mass. App. Ct. 201, 207 (2001) (citing *Nelson* v. *Moore*, 470 F.2d 1192, 1197 [1st Cir. 1972], cert. denied, 412 U.S. 951 [1973], for the proposition that a victim is considered a "reliable informant even though her reliability previously has not been proven or tested"). See also *Forest* v. *Pawtucket Police Dept.*, 377 F.3d 52, 57 (1st Cir. 2004), cert. denied, 543 U.S. 1149 (2005) ("police officers can justifiably rely upon the credible complaint by a victim to support a finding of probable cause").