Commonwealth *v.* Hernandez.

COMMONWEALTH *vs.* ALEXANDER HERNANDEZ.

Suffolk. December 9, 2009. - April 16, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Arrest. Motor Vehicle. Police,* Special police officer, Unlawful arrest. *Evidence,*
Result of illegal arrest. *Practice, Criminal,* Motion to suppress, Warrant.
*Probable Cause.*

A Superior Court judge properly allowed a criminal defendant's motion to
suppress evidence discovered by university campus police officers, who
were appointed as special State police officers, during an inventory search
of an automobile that was conducted following the defendant's arrest at a
place not connected with the university campus, for which the officers had
no statutory or common-law authority, where, under State law, the exclu-
sion of evidence, as a deterrent to the abuse of official power, is the ap-
propriate remedy [530-532]; further, there was no merit to the Com-
monwealth's contention that suppression was not appropriate on the basis
that the officers, although acting beyond the scope of their authority in ar-
resting the defendant, acted in good faith based on their department's
policy manual, where the defendant was plainly prejudiced and the viola-
tion was not insubstantial, and it was questionable whether the officers'
conduct would meet the standard of good faith [532-533].

INDICTMENTS found and returned in the Superior Court Depart-
ment on August 14, 2007.

A pretrial motion to suppress evidence was heard by *Patrick
J. Riley*, J.

An application for leave to prosecute an interlocutory appeal
was allowed by *Greaney*, J., in the Supreme Judicial Court for
the county of Suffolk, and the appeal was reported by him to
the Appeals Court. The Supreme Judicial Court on its own
initiative transferred the case from the Appeals Court.

*John P. Zanini*, Assistant District Attorney, for the Com-
monwealth.

*Kenneth I. Seiger* for the defendant.

CORDY, J. This case involves the off-campus execution of a
misdemeanor arrest warrant by two Boston University campus

police officers (campus police) acting as special State police officers pursuant to their appointment under G. L. c. 22C, § 63.[1] The material facts leading up to the arrest are not in dispute.

The campus police officers first observed the defendant pumping gasoline into his automobile at a gasoline station located on the corner of Melnea Cass Boulevard and Massachusetts Avenue, near the Boston Medical Center, a facility associated with Boston University. At the time, neither the campus police (who were in their university police cruiser) nor the defendant was within the perimeter of the Boston University campus or its facilities. The officers "randomly" ran a check of the defendant's automobile registration and learned that the registered owner of the automobile had an outstanding warrant for a "motor vehicle violation of some sort." It is uncontested that the motor vehicle violation was a misdemeanor and that it had not occurred "in or upon lands or structures owned or used or occupied" by Boston University. G. L. c. 22C, § 63.

Assuming that the defendant was the registered owner of the automobile (and therefore the subject of the warrant), the campus police followed the defendant as he drove out of the gasoline station and entered the Massachusetts Avenue connector ramp heading to Route 93. At no time did the defendant enter the perimeter of the Boston University campus. The officers activated the lights on their cruiser and pulled the defendant's vehicle over while it was on the connector ramp. They approached the vehicle and confirmed that the appearance of the defendant matched the description of the person for whom the warrant was outstanding. The defendant was then placed under arrest, and initially transported to the Boston University police department. The campus police remained at the scene of the arrest, conducted an inventory search of the automobile (pursuant to a written inventory policy of Boston University), and arranged for

---

[1]General Laws c. 22C, § 63, provides in relevant part: "The colonel [of the State police] may . . . at the request of an officer of a college, university, other educational institution or hospital . . . appoint employees of such [institutions] as special state police officers. Such special state police officers . . . shall have the *same power to make arrests as regular police officers for any criminal offense committed in or upon lands or structures owned or used or occupied by such college, university, or other institution or hospital*" (emphasis added).

it to be towed. During the inventory search, the officers discovered a quantity of cocaine and heroin in the center console of the vehicle.

The defendant was charged with a number of offenses based on the evidence seized during the inventory search, including trafficking in cocaine and the possession of heroin with the intent to distribute it.[2] He filed a motion to suppress, on which an evidentiary hearing was held. Following supplemental briefing on the question of the extraterritorial authority of the campus police, the judge allowed the motion, concluding that the Boston University campus police lacked the authority and jurisdiction under G. L. c. 22C, § 63, to effectuate the defendant's arrest where there was "absolutely no nexus between any of the [relevant] events" and Boston University. The Commonwealth sought interlocutory relief, and a single justice of this court granted leave to appeal to the Appeals Court. We transferred the case to this court on our own motion. We affirm.

*Discussion.* The Commonwealth concedes on appeal, and we agree, that the campus police, as special State police officers, did not have the statutory authority to execute the arrest warrant in this case, where the underlying offense was not "committed in or upon lands or structures owned or used or occupied" by Boston University, and the defendant was not present on those lands and structures when the warrant was executed.[3] G. L. c. 22C, § 63. It also concedes that the officers had no common-law authority to execute an arrest warrant for a misdemeanor in the circumstances presented here, even as mere citizens. See

---

[2]The defendant was also charged with failure to identify himself to police, in violation of G. L. c. 90, § 25, and the possession and use of false motor vehicle documents, in violation of G. L. c. 90, § 24B.

[3]In reaching this conclusion, we do not disturb the decision of the Appeals Court in *Young* v. *Boston Univ.*, 64 Mass. App. Ct. 586 (2005), that the scope of the authority of special State police officers "extends to the environs surrounding the campus when the 'special vigilance of an officer might be required to keep the peace and preserve order amongst those frequenting [the campus and] those carrying persons to and from it.' " *Id.* at 588, quoting *Commonwealth* v. *Hastings*, 9 Met. 259, 262 (1845). There is nothing in the record in this case to suggest that the offense for which the warrant had issued was connected in any way to the university (including the Boston Medical Center), or that the execution of the warrant at a location adjacent to, but not on, the lands or structures of the university was necessary for the protection of its students or property.

*Commonwealth* v. *Grise*, 398 Mass. 247, 250-251 (1986) (when police officer makes arrest outside his jurisdiction [with exceptions not relevant here], he acts as private citizen and arrest only valid if private citizen justified in making arrest in same circumstances; private citizen has no authority to arrest for misdemeanor).[4] What the Commonwealth contends, however, is that suppression is not an appropriate or constitutionally required remedy for the evidence discovered as a result of the admittedly unlawful extraterritorial arrest, where there was, in any event, probable cause to effectuate it. See *Virginia* v. *Moore*, 128 S. Ct. 1598, 1604-1606 (2008) (*Moore*).

In the *Moore* case, the United States Supreme Court, relying on its earlier decision in *Atwater* v. *Lago Vista*, 532 U.S. 318, 345 (2001), held that an arrest for a motor vehicle violation, even though unlawful under Virginia State law (which permitted a summons, but not an arrest), did not violate the Fourth Amendment to the United States Constitution so long as it was based on probable cause that the violation had occurred. *Virginia* v. *Moore*, *supra* at 1605. Consequently, evidence seized in a search incident to the arrest was not acquired in violation of the Fourth Amendment, and was not therefore subject to the remedy of exclusion. *Id.* at 1607-1608. The Commonwealth asks us to apply that same reasoning and to hold that the exclusionary rule ought not apply where the campus police had probable cause to believe that some criminal offense had occurred, regardless of whether they had the authority to make an arrest for that offense or whether it occurred in their presence. To do so would

---

[4]The Commonwealth also contends that the Boston University campus police officers involved in this arrest were also appointed deputy sheriffs by the sheriff of Suffolk County. Therefore, the Commonwealth argues, they had authority, independent of their status as special State police officers, to serve and execute arrest warrants, at least in Suffolk County. See G. L. c. 37, § 11. This claim was first made in the Commonwealth's posthearing supplementary memorandum filed with the trial court. Attached to the memorandum were copies of what appear to be the officers' appointments by the sheriff of Suffolk County. This evidence was not offered by the Commonwealth at the evidentiary hearing, and there is nothing in the record to suggest that the judge accepted the copies as evidence when submitted as attachments to the supplementary legal memorandum. The judge makes no reference to them in his written decision allowing the motion to suppress. We do not consider the argument and offer no view on whether it might have succeeded had it been properly presented below.

require us overturn our holdings in *Commonwealth* v. *LeBlanc*, 407 Mass. 70 (1990), and *Commonwealth* v. *Grise*, 398 Mass. 247 (1986), to the contrary. We decline to do so.

In *Commonwealth* v. *LeBlanc*, *supra* at 75, we held that the exclusion of evidence is an appropriate remedy when a defendant is prejudiced by an arrest made without statutory or common-law authority. We explained that the application of the exclusionary rule is appropriate where it is "inherent in the purpose of a statute which the government has violated," and that such a purpose is inherent in "statutes closely associated with constitutional rights." *Id.*, quoting *Commonwealth* v. *Lyons*, 397 Mass. 644, 647 (1986). Contrast *Commonwealth* v. *Lyons*, *supra* at 648 (right under G. L. c. 218, § 35A, to receive notice and be heard in opposition to issuance of process on misdemeanor offense for which defendant not arrested, "not closely affiliated with any constitutional guarantee"). We have further concluded that the "requirement that a police officer have lawful authority when he deprives [an] individual[] of [his] liberty is closely associated with the constitutional right to be free from unreasonable searches and seizures," *Commonwealth* v. *LeBlanc*, *supra* at 75, and, consequently, exclusion of the evidence uncovered during a search incident to an unlawful arrest was the appropriate remedy.[5] We did not hold in that case that exclusion was required by the Fourth Amendment, nor do we do so here. Rather, exclusion is a deterrent to the abuse of official power based on the application of State legal principles. See *Commonwealth* v. *Upton*, 394 Mass. 363, 367 n.4 (1985), and cases cited ("development of exclusionary rules in light of statutory provisions is not uncommon in this Commonwealth").

Finally, the Commonwealth contended at oral argument that although the officers acted beyond the scope of their authority in arresting the defendant, the product of the subsequent search

---

[5]In *Commonwealth* v. *Grise*, 398 Mass. 247 (1986), we affirmed the dismissal of a complaint charging the defendant with operating while under the influence of intoxicating liquor, where the arrest was made outside the arresting officer's jurisdiction, and not in "fresh and continued pursuit" of the motorist within the meaning of G. L. c. 41, § 98A. Dismissal was appropriate, we concluded, because it was "palpably clear that evidence that the defendant was under the influence of intoxicating liquor would not have been obtained but for the arrest, and that the defendant was irretrievably prejudiced by the unlawful arrest." *Id.* at 253.

need not be subject to exclusion because the "officers were acting in good faith based on their manual, and that a ruling from this court will have sufficient deterrent effect." Cf. *United States* v. *Leon*, 468 U.S. 897, 918-921 (1984) (adopting "good faith" exception to exclusionary rule where officer conducting search objectively reasonably relied on search warrant issued by neutral magistrate that was subsequently determined to be invalid and in violation of Fourth Amendment).

We have not adopted the "good faith" exception for purposes of art. 14 of the Massachusetts Declaration of Rights or statutory violations, focusing instead on whether the violations are substantial and prejudicial. See *Commonwealth* v. *Beldotti*, 409 Mass. 553, 559 (1991) (denying exclusion of evidence because intrusion was minimal, but noting "we do not rely on any theory the police were proceeding in good faith reliance [on] a defective search warrant"); *Commonwealth* v. *Pellegrini*, 405 Mass. 86, 91 n.6 (1989) (reiterating that Massachusetts law has not adopted good faith exception of *United States* v. *Leon*, *supra*, to exclusionary rule); *Commonwealth* v. *Treadwell*, 402 Mass. 355, 356 n.3 (1988) (same); *Commonwealth* v. *Sheppard*, 394 Mass. 381, 391 (1985) (holding that deficiency as to particularity in warrant not prejudicial under art. 14 where search was conducted as if warrant were in compliance and, thus, was not unreasonable). See also J.A. Grasso & C.M. McEvoy, Suppression Matters Under Massachusetts Law § 20-3[d] (2010). There was plainly prejudice here, and the violation was not insubstantial. Moreover, it is questionable that the conduct at issue would meet the standard of good faith where the execution of the warrant was in contravention to State regulations governing the execution of arrest warrants by special State police officers, see 515 Code Mass. Regs. § 5.07(1)(b) (1996) (in executing warrant outside statutory jurisdiction of special State police officer, officer "shall be accompanied by a . . . member of a local police department of competent jurisdiction"), and the Boston University police department's policy manual incorporating the same.

The order suppressing the evidence is affirmed.

*So ordered.*