COMMONWEALTH *vs.* JOSEPH LIMONE. No. 09-P-252. June 22, 2010. *Search and Seizure,* Arrest, Pursuit. *Arrest. Constitutional Law,* Search and seizure. *Police,* Unlawful arrest. *Motor Vehicle,* Operating under the influence. Further appellate review granted, 458 Mass. 1102 (2010).

After trial in the Superior Court, a jury found the defendant guilty of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle after revocation of his license. The same jury found the defendant guilty of operating a motor vehicle while under the influence of alcohol, fourth or subsequent offense. The defendant was sentenced to State prison. On appeal, he argues that the motion judge erred in denying his motion to suppress evidence. He claims that the evidence used by the police to prove his guilt was obtained by police officers as a result of an unlawful extraterritorial seizure.[1]

The facts of the case are essentially not in dispute. The judge's findings, substantiated in the record, are summarized as follows. On August 4, 2006, Robert Kelleher, a Somerville police officer, was returning to his home in Woburn after performing a paid detail. He was in full uniform, but was driv-

_____

[1]The defendant also claims that the judge erred in allowing the Commonwealth's expert to testify regarding retrograde extrapolation, where her opinion of the defendant's blood alcohol concentration at the time he was driving was based on an assumption that his blood alcohol concentration had peaked or was in the elimination phase at the time he stopped driving.

ing his personal vehicle. After taking the Montvale Avenue exit from Route 93 north, the defendant's vehicle (Oldsmobile) struck Kelleher's vehicle in the rear. Kelleher got out of his vehicle, approached the driver's side of the Oldsmobile, identified himself as a police officer, and told the defendant that the defendant had struck his (Kelleher's) vehicle. The defendant stated several times that he was sorry.

Kelleher formed the opinion that the defendant was under the influence of alcohol and told him to step out of the car. When the defendant got out of the car, Kelleher, concerned that the defendant would leave the scene and cause injury to someone, reached in and took the keys from the ignition. He told the defendant to wait in his car until the police arrived, and he used his cellular telephone to call the Woburn police. Kelleher and the defendant waited, each in his own vehicle, for the Woburn police to respond.

Woburn police officer David Simonds responded to a dispatch concerning an accident involving a driver who was possibly under the influence of alcohol. Simonds approached the Oldsmobile, smelled alcohol, observed that the defendant appeared to be under the influence, and asked him for his license and registration. Instead, the defendant gave Simonds a pack of cigarettes. Simonds asked the defendant to step out of the vehicle, and as he did, Simonds observed a nip of whiskey in the defendant's lap. At Simonds's request, the defendant attempted to perform field sobriety tests, but failed them. He was arrested and transported to the police station, where he agreed to take a breathalyzer test and recorded a .12 reading. A subsequent check of the defendant's probation record revealed six previous convictions of operating under the influence.

*Discussion.* The defendant moved to suppress evidence, including the results of the field sobriety and the breathalyzer tests, on the grounds that Kelleher effectuated an unlawful extraterritorial stop and arrest. See *Commonwealth* v. *Grise*, 398 Mass. 247, 249-251 (1986); *Commonwealth* v. *Savage*, 430 Mass. 341, 343 (1999). The determination whether an arrest has occurred depends on the particular facts of the case. *Commonwealth* v. *Williams*, 422 Mass. 111, 118 (1996).

We conclude that the actions of Officer Kelleher, in (1) directing the defendant to step out of the vehicle; (2) directing the defendant to get back in his vehicle and to wait for the police; and (3) removing the keys from the ignition of the defendant's vehicle, constituted a seizure implicating the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights. Therefore, we must consider whether Kelleher's actions were proper.

A police officer's power to make a warrantless arrest is generally limited to the boundaries of the jurisdiction in which the officer is employed, *Commonwealth* v. *LeBlanc*, 407 Mass. 70, 72 (1990), and, absent fresh pursuit for an arrestable offense, a police officer is generally without authority to make an arrest outside his jurisdiction. *Commonwealth* v. *Savage*, 430 Mass. at 343.

Outside his jurisdictional boundaries, a police officer stands as a private citizen, and if not in fresh and continued pursuit of a suspect, an arrest by him is valid only if a private citizen would be justified in making the arrest under the same circumstances. *Commonwealth* v. *Grise*, 398 Mass. at 250. In this case the defendant was suspected only of a misdemeanor motor vehicle

offense.[2] It was subsequent investigation that disclosed the defendant had been convicted on at least six prior occasions of operating while under the influence of liquor. Thus, the seizure of the defendant was unlawful. *Commonwealth* v. *Savage, supra* at 346. The remedy for such an unlawful stop and arrest is exclusion of the evidence under the "fruit of the poisonous tree" doctrine. *Wong Sun* v. *United States,* 371 U.S. 471, 488 (1963).

In this case, since the only evidence would not have been obtained but for the unlawful stop and subsequent arrest, the judgments are reversed, the verdicts are set aside, and judgments are to enter for the defendant.[3]

*So ordered.*

*Robert H. D'Auria* for the defendant.
*Patricia Gould,* Assistant District Attorney, for the Commonwealth.

---

[2]A first offense of operating a motor vehicle while under the influence of intoxicating liquor is only a misdemeanor. See *Commonwealth* v. *Grise,* 398 Mass. at 250.

[3]Deciding the case as we do, we need not reach the second claim of error raised by the defendant. See note 1, *supra.* Were we to reach the issue we would conclude that the argument has no merit. See *Commonwealth* v. *Colturi,* 448 Mass. 809, 816 (2007) (time delay between the operation of a motor vehicle and the administration of a breathalyzer test goes to the weight the jury might afford the test results).